Gorman, J.
The petition in this case is for a mandatory injunction to require the Cincinnati Trust Company, the transfer agent of the Cincinnati Gas & Electric Company, and the Cincinnati Gas & Electric Company to transfer on the books of the' Cincinnati Gas & Electric Company five shares of stock claimed to be held and owned by the plaintiff, Wallace Burch.
The five shares of stock were the property of Henry Buehren, deceased, who died in Hamilton county, Ohio, and an executrix of the estate, Bertha Buehren, was appointed by the probate court of this county to administer his estate. On the 14th of October, 1911, said executrix filed an application in the probate court and an order was made thereon authorizing and directing her to sell said five shares of stock in the Cincinnati Gas & Electric Company. This order was made under Section 10704 of the General Code, which provides that:
“The executor or administrator may sell either at public or private sale stock or shares in a corporation, but if he sells at private sale it must be for a sum not less than for that purpose is fixed by an order of the probate court."
The order of the probate court directing the sale of said stock was as follows:
_ “This cause coming on this day to be heard upon the application of the executrix herein for authority to dispose of five *88 shares of the Cincinnati Gas & Electric Company stock, and it appearing to the court that it is necessary to sell the said stock to comply with the terms and conditions of the will, and also to pay the debts of said estate, said Bertha Buehren, executrix, is hereby authorized and empowered to dispose' of said stock at its market value, for cash.”
On the 16th day of October, 1911, the plaintiff bought said certificate at its market value of $86.50 per share.
The petition further avers that the Cincinnati Trust Company has been designated as the transfer agent of the Cincinnati Gas & Electric Company and is empowered to transfer said stock upon the books of the Cincinnati Gas & Electric Company; that upon receiving said certificate for said five shares of stock from said executrix duly indorsed by her, the plaintiff presented the same to the Cincinnati Trust Company as the transfer agent of the Cincinnati Gas & Electric Company and requested the transfer of said stock to him, which transfer the defendant, the Cincinnati Trust Company, refused to make. A demurrer was interposed to this petition and the matter was argued to the court.
Section 8673, General Code, among other things, provides that:
"The directors of a corporation * * * shall keep a record of all stock subscribed and transferred, and its secretary or recording officer shall register all subscriptions and transfers of stock. For that purpose a book shall be kept, and when a certificate of stock is assigned and delivered by a stockholder, the assignee thereof on demand may have it duly transferred therein by such officer, who at the same time shall enroll also the name of the assignee as a stockholder.” * * *
There is no. other statutory provision relating to the assignment and transfer of stock, except the amendments to Section 8673, which were passed by the Legislature in 1911, and are found in the 102 Ohio Laws, page 505, etc. These amendments are numbered Sections 8673-1 to 8673-22 inclusive. By the provision of Section 1 of this amendment, the transfer and delivery of a certificate of stock in any corporation may be made by indorsing upon the certificate the name of the owner either in favor of a specific person or in blank, or by delivering the certificate *89 of stock without an indorsement but accompanied by a separate document in writing containing an assignment of the certificate or a power of attorney to sell, assign or transfer the samé, which assignment or power of attorney may be either in blank or to- a specified person. In substance, the certificate may be assigned by the owner of the certificate (which would include also the executor or administrator of a deceased person) signing the same either in blank or to a specific person; or it may be delivered without the signature of the owner if it is accompanied by a written assignment or transfer.
Now this section further provides that this method of transfer and assignment shall be applicable, although the charter, or articles of incorporation, or code of regulations, or by-laws of the corporation issuing the certificate provide that the shares represented thereby shall be transferred by a transfer agent.
It was contended in the argument of this case that the order of the probate court was not in compliance with Section 10704 of the General Code, and that therefore the Cincinnati Trust Company, claiming to be the transfer agent, was warranted and authorized in refusing to transfer the stock to the plaintiff. The transfer agent had presented to it a certified copy under the seal of the probate court of the order of the probate court above set out and the certificate of stock duly assigned by the executrix in favor of the plaintiff. The claim is made that the order of the probate court should have provided that the stock should not be sold for less than a specified price, and that because it did not so provide, the transfer agent was justified in refusing to make the transfer.
As the court reads Section 10704 of the General Code the order of the probate court was strictly in compliance therewith. The section provides that if the stock is sold at private sale it must be for a sum not less-than that fixed by an order of the probate court. Now the probate court directed the stock to be sold at the market price. It was not necessary that the order should have recited that the stock should be sold for not less than the market price. The law prohibited the executrix from *90 selling at a price less than that fixed by the probate court, to-wit, the market price. It was the duty of the probate court to fix the price at which thé stock should be sold, and under the law it was not permissible for the executrix to sell at a less price. But because the executrix under the statute could not sell for a sum less than that fixed by the' probate court, it does not follow that the probate court should have stated that fact, that the executrix should not sell for less than the price fixed. The statute contemplates that the probate court shall fix the price at which the stock shall be sold, and it further contemplates that the executrix or administrator shall not sell for a less price. Now the probate court did fix the price at which this stock could be sold as of the market price.
Now the market price would vary from day to day, and it seems to the court that the only rational order which the probate court could make in cases of this kind where stock has a market value, and the market value may be fluctuating from day to day, is to fix a sale price at the market price, and then whenever it is sqld it is to be sold at the market price.
However this may be, it appears to the court that the order of the probate court directing the sale and the presentation of the certificate duly signed is sufficient to protect the Cincinnati Gas & Electric Company or its transfer agent against any claim that may be made by any person interested in the stock. It is not the province of the gas company or its transfer agent to question the power or authority of the probate court to make the order to sell the stock. The transfer agent of a corporation is only bound to see that the order was made directing the sale, and the probate court of this county, being a court of record, speaks through its record and all persons .are bound to take notice of its order and decrees. It is not necessary for the holders of stock to procure a certified copy of the decree or order of the probate court, because every person who resides within the jurisdiction of the court is bound to take notice of the decrees and orders' of the court, and the furnishing of a certified copy of the order of the probate court at the expense of the estate, seems to the court to be an unreasonable requirement by the *91 corporation whose stock is to be transferred. If there is any question about the order having been made, the corporation whose stock is involved, or its agents, have access to the court’s records to determine whether or not the order was made.
Furthermore, in this case, it is a grave question whether or not the Cincinnati Gas & Electric Company has the power to designate another corporation as its transfer agent. The statute, Section 8673, General Code, provides that the secretary or recording officer of the company shall register and transfer all stock on demand or may have it duly transferred by such officer. Such officer means either the secretary or the recording officer of the company whose stock is • concerned. Now, the Cincinnati Trust Company can be neither the secretary nor the recording officer of the Cincinnati Gas & Electric Company. That officer must be some individual who is a stockholder of the company, and in the opinion of the court, the proper person to whom the certificate should have been presented for transfer is the secretary or recording officer of the Cincinnati Gas & Electric Company, and it was not necessary for the plaintiff in this case to present his certificate to another corporation claiming to be acting as the transfer agent of the Cincinnati Gas & Electric Company. If the Cincinnati Gas & Electric Company desires the Cincinnati Trust Company to act as its agent in securing information with reference to the transfer of its stock for its convenience and accommodation, it may do so, but it has no right to impose an onerous burden upon the holders of its stock by requiring them to procure a certified copy of a court of record and to present their certificate .and the evidence to another corporation to determine whether or not the stock shall be transferred to the rightful owner.
If it be doubted that the probate court is a court of record and that its records import absolute verity, the court desires to cite counsel to Shroyer v. Richmond et al, 16 O. S., 455, and Railroad Co. v. Belle Centre, 48 O. S., 273.
That this proceeding is the proper one for the holder of a certificate to take, to-wit: a petition asking for a mandatory injunction, the court would refer counsel to the following authorities *92 as sustaining the contention of the plaintiff: Krohn v. Bridge Co., 4 N. P., 270; Arbucle v. Spice, 21 C. C., 356; Olliver v. C. & W. T. P. Co., Hosea’s Rep., 457; Snodgrass v. Morrison, 4th Ohio Law Rep., 622.
In the opinion of the court, therefore, neither the Cincinnati Trust Company nor the Cincinnati Gas & Electric Company were warranted in refusing to transfer this stock to the plaintiff under the facts set out in the petition, and especially was not the Cincinnati Gas & Electric Company warranted in refusing to make the transfer. In the opinion of the court, the Cincinnati Trust Company need not have been made a party to this proceeding, -even though it he designated as the transfer agent of the Cincinnati Gas & Electric Company, in view of the provisions of Section 8673, General Code.
The demurrer to the petition will therefore be overruled, and the defendants not desiring to plead further, the judgment of the court is that a mandatory injunction issue to the Cincinnati Gas & Electric'Company and to the Cincinnati Trust Company directing them .and each of them to transfer said stock on the books of the Cincinnati Gas & Electric Company to the plaintiff. The costs will be adjudged against the defendants.